IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**DEVIN JANE**

        **Plaintiff,**     **CASE NO.:**

v.

**SOUTH FLORIDA FAIR AND PALM**     **JURY TRIAL DEMANDED**
**BEACH COUNTY EXPOSITIONS, INC.,**

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEVIN JANE ("Jane" or "Plaintiff"), by and through his undersigned attorney, sues Defendant, SOUTH FLORIDA FAIR AND PALM BEACH COUNTY EXPOSITIONS, INC. ("South Florida Fairgrounds" or "Defendant") and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Defendant, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. At all times material to this action, Defendant is a Florida Non-Profit Corporation. Defendant is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district. Defendant is also subject to the personal jurisdiction of the United States District Court because it operates,

conducts, engages in, and/or carries on business in the Southern District of Florida. Specifically, Defendant's principal place of business is located at 9067 Southern Blvd., A3105, West Palm Beach, FL 33411.

## FLSA COVERAGE

4. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

5. At all times material, Defendant had a gross sales volume of at least $500,000 annually.

6. At all times material, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that:

   a. The products and materials that Plaintiff used on a constant and continual basis, which were supplied to him by his employer to use on the job, moved through interstate commerce; and

   b. Plaintiff regularly placed and received calls to and from out-of-state clients, prospective clients, subcontractors, suppliers, as well as purchased tools and supplies to further Defendant's business purposes, and used the internet and

Defendant's computer system to perform his job duties.

10. At all times material hereto, the work performed by the Plaintiff was essential to the business performed by Defendant.

## VENUE

11. Venue is proper in the United States District Court for the Southern District of Florida based upon the following reasons:

   a. The unlawful pay practices alleged herein occurred in West Palm Beach, Florida, in the Southern District of Florida.

   b. At all times material hereto, Defendant was and continues to be a Florida Non-Profit Corporation registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

   c. Defendant employed Plaintiff in the Southern District of Florida.

## PARTIES

12. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, in the Southern District of Florida.

13. Defendant was, and continues to be, a Florida Non-Profit Corporation, engaged in the transaction of business in Palm Beach County, Florida, with its principal place of business located in West Palm Beach, Florida.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 as fully stated herein.

15. At all times material hereto, Defendant owns and operates fairgrounds, which is a large parcel of land where Defendant holds events throughout the year.

16. Defendants hired Plaintiff in approximately May 2015.

17. Plaintiff was hired by Defendant to perform maintenance on and around the fairgrounds property.

18. Plaintiff's responsibilities included outdoor maintenance, cleaning, garbage collection, construction, driving machinery, and other custodial work.

19. Plaintiff's employment with Defendant ended on or around August 1, 2019.

20. During his employment, Plaintiff was paid on an hourly basis.

21. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time plus one-half the regular rate for all hours actually worked.

22. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant.

24. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

26. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

27. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff has

suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount of liquidated damages.

28.     Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully requests that judgement be entered in his favor against Defendants:

a. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in amounts according to proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post judgement interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: September 24, 2019

                                        Respectfully submitted,

                                        /s/ Jason L. Gunter
                                        Jason L. Gunter, Esq.
                                        Florida Bar No.: 0134694
                                        jason@gunterfirm.com
                                        **GUNTERFIRM**
                                        1514 Broadway, Ste. 101
                                        Ft. Myers, FL 33901
                                        Telephone: (239) 334-7017
                                        Facsimile: (239) 236-8008